## STATE OF CONNECTICUT *vs.* THE TOWN OF NEW LONDON.

By the second section of the act relating to the assessment and collection of taxes, passed in 1849, towns were required annually, not only to appoint assessors, but also to cause them to be sworn.

A town can not discharge a penalty, incurred in 1850, by a violation of this act, by subsequently paying into the state treasury, as its tax for that year, its proportion of the state tax, on the list of the previous year.

Forfeitures and penalties, already incurred, under the act of 1849, are excepted from the repealing clause of the act of 1851, relating to the same subject.

THIS was an action of debt, brought by the state of Connecticut, against the town of New London, to recover the sum of fifteen hundred dollars, as a penalty for a violation of the statute requiring towns to appoint assessors, and to cause them to be sworn. Stat. 1849, p. 551.

The declaration contained two counts, in one of which it was alleged, that, at a town-meeting of said town of New London, warned and held according to law, on the first Monday of October, 1850, Reuben Heath, Charles W. Strickland, and Alexander Merrill, electors of said town, were chosen assessors; and no other person or persons were, on said day, or at any other time, within the year next preceding, and ending on said day, or have since been, chosen assessors of said town, but the said town did not, either on said first Monday of October, 1850, or at any time afterward, cause said assessors, so chosen as aforesaid, or either of them, to be sworn, according to law, but have, at all times, neglected, and still neglect, so to do, and such assessors have never taken the oath, prescribed by law.

In the other count it was alleged, that said town did not, on the first Monday of October, 1850, or at any other time, within the year next preceding, and ending on said day, or afterward, appoint, or cause to be duly sworn, an assessor, or assessors, but wholly neglected, and still neglect so to do.

The cause was tried at New London, at the March term, 1852, when the court found the following facts, and reserved the case for the advice of this court, as to the judgment to be rendered.

A town-meeting of the town of New London was legally warned and held, for the choice of assessors and board of relief, and selectmen, on the first Monday of October, 1850, at which Reuben Heath, Charles W. Strickland and Alexander Merrill, were duly chosen assessors of said town; and no other person, within the year next preceding said day, or since said day, and before the commencement of said suit, was chosen an assessor of said town; nor was any other meeting called or held, for the purpose of choosing assessors subsequent to said meeting and before the commencement of said suit. Neither of the persons so chosen assessors took the oath prescribed by law, for such assessor, nor were either of them sworn as such; nor did either of them ever in terms assent to, or perform any of the duties of said office. The said Strickland was not present at said meeting, and he was so chosen, without his knowledge. Said Merrill was present at said meeting, and knew of the choice of said three assessors. Strickland and Heath were, at said meeting, also chosen selectmen of said town, and served in said office. Strickland was not, but Heath was, one of the selectmen of said town, the year next preceding said meeting. Neither said Strickland, Heath or Merrill was ever, by said town, called on, or requested to accept, or take the oath of said office of assessor. No assessment list for said town was made out in the year 1850. The tax of said town for the year 1850, was levied and collected on the assessment list for the year 1849. The list for 1849 amounted to $90,299\frac{84}{100}$; and the state tax of one and one-fourth cent on the dollar, laid by the legislature, amounting to $1,128\frac{75}{100}$, was, by the town-clerk, on behalf of the town, paid to, and received by, the treasurer of the state, who acknowledged the receipt and application of the same, by let-

ter. Previous to the writing and sending of which letter, another letter, dated Feb. 26, 1852, was sent by said treasurer, to, and received by, the selectmen of said town of New London, as follows :

· " State of Connecticut,

" Treasury Office, Hartford, Feb. 26, 1852.

" To the Selectmen of the Town of New London : ·

" Gentlemen :

" The list of your town, as returned to the comptroller of public accounts, in March, 1849, is $90,299$\frac{84}{100}$. The state tax of one and one-fourth cent on the dollar, amounts to $1,128$\frac{75}{100}$, and is payable at this office, on or before the 20th day of February, 1852, without any abatement or deduction.

THOMAS CLARK, *Treasurer.*"

Excepting the aforesaid facts, there was no evidence to prove, that said town caused, or took any measures to cause, the persons chosen as assessors, to accept said office, or to take the oath, or be sworn into the office of assessor.

*Wait* and *Hovey,* for the plaintiffs, contended, 1. That the defendants have forfeited the penalty, sought to be recovered in this action, by neglecting to cause the assessors, by them chosen on the first Monday of October, 1852, to be duly sworn. Stat. 1849, p. 601.

2. The refusal of persons, chosen assessors, to serve as such, does not exempt the defendants from liability to pay the penalty thus forfeited. 1. They were never requested, by the defendants, to be sworn. 2. They could have been compelled to take the oath, and to serve, by a writ of *mandamus.* Angell & Ames on Corp., 561. *The King* v. *Bedford,* 1 East, 80. If the assessors chosen were at liberty to refuse to serve as such, so that the superior court, by a writ of *mandamus,* could not have compelled them to be sworn,

it was the duty of the defendants to hold another meeting and choose other assessors in their stead. Stat. 1849 p. 139. The payment, by the defendants, of $1,128$\frac{75}{100}$, as their state tax, in March, 1852, does not, in any manner, affect their liability in this action, or the assessment of damages to which the plaintiffs are entitled.

*Foster* and *H. Willey,* for the defendants, contended, 1. That the plaintiffs seek to recover, under a penal statute, which should be construed most strongly against the state. *Rawson* v. *State,* 19 Conn. R., 299. By the words of the statute, the refusal or neglect to appoint, and to cause to be sworn, are connected by the word *and,* and must both occur, before the town is liable for the penalty. Different offences, in the same section of a statute, are uniformly designated by the word *or.*

2. It is sufficient, if the town appointed one assessor, and caused him to be sworn. They chose their assessors in the usual way,—one or more of whom they had every reason to believe, would act. They had no power to appoint an assessor, after the first Monday in October, and any such appointment would have been of no legal validity. The town of New London has paid the tax for the year 1850, on the levy of 1849. The state received it, and should be estopped from collecting a double tax, in shape of a penalty.

3. The statute, upon which this action is brought, was repealed before the commencement of the suit, and therefore it is improperly brought.

CHURCH, C. J. This is an action of debt, brought by the state, against the town of New London, to recover a forfeiture, or penalty, of fifteen hundred dollars, under the provisions of the second section of the " act for the assessment and collection of taxes." The facts are so fully detailed, by the finding of the superior court, that I shall not recur to them in detail.

By the section of the statute referred to, it is enacted, "If any town shall refuse, or neglect, to appoint an assessor, or assessors, and cause them to be duly sworn, such town shall forfeit the sum of fifteen hundred dollars, for the use of the treasury of the state," &c. The town of New London, at its annual meeting, on the first Monday of October, 1850, elected three assessors, two of whom were selectmen of the town, and all of them declined to accept, and be sworn into office, and no further action was had, either by the selectmen or the town, so that no assessment list was made for that year.

The first section of the same statute is directory only, and requires the several towns in the state, on the first Monday of October, in each year, to choose a board of assessors and a board of relief; and without the penal provision of the second section, the law would be without effect.

Our whole financial system, as it affects the state, and each county, town, society, school and highway district in the state, depends upon the prompt and faithful performance, by the respective towns, of the duties required of them by the first section of this act. Stat. 1849, p. 611.

The object of the legislature, in the enactment of the penal section of the law, upon which this action is founded is obvious and can not be mistaken : it was to secure the appointment, organization and qualification of an acting board of assessors, in each town, in each year. This purpose is so obvious, that no strictness of construction can be admitted to control or evade it.

This law demands of the towns, not only that they shall appoint an assessor, or assessors, but that they shall cause them to be sworn. To appoint them, and nothing more, would be only a partial performance of the duties required. Until they have accepted, and have been sworn, they are not assessors, and it can not, in strictness, be said, that before they have been thus sworn, they have been appointed assessors.

The State *v.* New London.

It is claimed by the town, in its defence, that it could do no more than to elect assessors, on the first Monday of October, 1850; it could not compel them, either to accept, or to act. But, it was the duty of the town, to elect such men as would be sworn to act, according to law: to elect such as would not accept the appointment, was a nugatory act, and of no avail. The town was bound to do, in this matter, all it had power to do, either by its selectmen, or in town-meeting, to constitute an acting board of assessors; but this has been neglected.

By the twenty-third section of the "act concerning communities and corporations," Stat., 1849, p. 139, it is required, that the selectmen shall forthwith, after the choice of town officers, by the town-meetings, cause the officers, of whom an oath is required by law, to be summoned and sworn to a faithful discharge of their respective offices and trusts. There was no attempt to do this; so far from it, that two of the persons chosen, who were themselves selectmen, refused to be sworn, without apology, or excuse, and by their neglect of duty and *rule of righteousness,* * in this respect,

---

* " At a Gen[ll] Assembly held at Hartford, March 11, 16$\frac{6}{6}\frac{2}{3}$

" This Court haueing duely considered the valuation of y[e] estate of N: London, apprized by Cary Latham and William Douglas, doe judge, that they haue not attended any rule of Righteousnes in their worke, but haue acted very corruptly therein, and therfore doe order the Treasurer that he send forth his Warrant to y[e] constable of N: London, to levy Four pounds vpon y[e] estate of Cary Latham, and Two pounds vpon Mr Douglas his estate, as a fine for their corupt and deceatfull actings therein, and fourty shillings more vpon Lathams estate, for neglecting to meet w[th] y[e] Com[rs] on y[e] Riuer according to order; w[ch] fines shal be to y[e] publ: Treasury. And they doe further order the Treasurer to send forth his Warrant to y[e] constable of N: London, to levy a Rate of a penny p[r] pound vpon Eight thousand, fiue hundred pound estate, w[ch] y[y] judge to be at least y[e] estate of N: London. And doe desire the said Town of N: London to be more carefull in their choyce of List makers for the future."

(1 Trumbull's Colonial Records, p. 392.)

showed a manifest purpose to nullify the operation of the tax laws in that town.

The duty of the selectmen was plain : they were present at the town meeting, and if any or all who were chosen, declined to accept the office of assessor, to which they had been elected, they should have so declared to the meeting, that others might then have been chosen in their stead.   Or it was their duty, forthwith to have summoned the assessors, so chosen, to be sworn, and upon their refusal, immediately to have called another town-meeting, to supply the vacancy, as they were empowered to do by the twenty-fourth section of the aforesaid " act concerning communities and corporations."   Stat. 1849, p. 139.

The claim of the town now is, that it could not control the conduct of the selectmen, and should not be made responsible for their neglect, or willful disregard of duty. We can not admit this claim ; to do so would operate as an exemption of towns, in almost all cases, from the responsibilities imposed upon them by law.   Towns can not act at all, except through the preliminary agency of their selectmen. They alone can warn and organize town meetings, and thus enable towns to act directly, on any subject ; and if they neglect to do this, shall towns stand discharged from legal obligations ?   The neglect of selectmen, or other town officers, is generally the ground and the cause of the liability of towns, for neglect of duty, as in cases of their neglect to make and repair roads and bridges, and to provide for the poor, &c.   They are the legally constituted agents of the towns in all such matters, and the towns must stand responsible, as principals, for their neglect.

It is urged, also, in defence, that the town of New London has paid its proportion of the state tax into the treasury of the state, levied on the assessment list of the year 1849. This is no defence.   The object of the statute, on which

this action rests, was not merely to compel towns to pay their state taxes, but also, as we have said, to enable the towns, counties, societies, &c., to levy and collect all their taxes. The law empowers towns, &c., to levy their taxes upon the assessment lists last made out, or which shall be next completed, according to law; but it presumes, because it requires, that such lists shall be made out every year, so that taxes may be levied on the list of the year next before, or next after, the tax is voted. The town, by paying a tax on the list of 1849, into the state treasury, instead of paying it upon what might and probably would have been the larger list of 1850, even if this was legally done, did no more than its duty, in that respect; and the already forfeited penalty was not thereby discharged. To consider it differently, would be to declare the law imposing the penalty, a nullity, and to invite all our towns to disregard it, when they suppose their interests would be served by so doing,

There has been no repeal of this penal section of the law, which can affect this action. The repeal was in 1851, and expressly excepted all forfeitures and penalties, already incurred, from its operation. This penalty was incurred by the neglect of the town, in October, 1850.

The penalties, incurred by a violation of this statute, are for the use of the treasury of the state, and the state alone has the legal interest in them, and not its officers. These officers are but agents, and can not sue, in their own names, unless empowered to do so, by some statute. *Spencer* v. *Huntington,* 6 Conn. R., 312. *Bissell* v. *Spencer,* 9 *id.,* 267.

A state, although a sovereignty, may sue in its own name, when it is alone interested in the subject of recovery; and so may the United States, unless some other mode of proceeding be, by law, provided. *Dugan et al.* v. *U. States,* 3 Whea., 172.

We have not discovered any legal excuse for the neglect

of the town, complained of in this case, and must therefore advise the superior court, to render judgment for the plaintiff.

In this opinion the other judges concurred.

Judgment for the plaintiff.